28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Washington Caicedo MONTANO, Petitioner-Appellant,
v.
Robert G. BORG, Warden, et al., Respondents-Appellees.
 No. 93-55611.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 20, 1994.
 
 1
 Before: KOZINSKI, TROTT, Circuit Judges, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Washington Caicedo Montano, proceeding pro se, appeals the district court's denial of his petition for writ of habeas corpus. We review the district court's denial of Montano's petition de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and affirm.
 
 
 4
 Montano was convicted by jury of first degree murder and attempted murder. He contends that he was not given adequate notice of the charges against him in violation of the Sixth Amendment.[1] The information filed against Montano charged him with murder, without specification of degree, and attempted murder. Montano argues that the giving of a felony-murder instruction by the trial court, when the information did not include such an accusation, deprived him of adequate notice.
 
 
 5
 The Sixth Amendment "guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense." Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir.1989). However, constitutionally adequate notice of a charge can be provided to a defendant by means other than the charging document. Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2367 (1993); Sheppard, 909 F.2d at 1236 n. 2. In Morrison, the prosecutor provided constitutionally adequate notice of a felony-murder theory by presenting evidence of Morrison's intent to commit robbery and by requesting felony-murder instructions at the initial charge conference. Morrison, 981 F.2d at 428-29. It was sufficient that defense counsel had two days to prepare a closing argument after the instructions were settled. Id. at 428. We concluded that "[n]o ambush occurred at Morrison's trial," id., which distinguished Morrison from Sheppard, where "[a]t no time during pretrial proceedings, opening statements, or the taking of testimony was the concept of felony-murder raised, directly or indirectly." Sheppard, 909 F.2d at 1235.
 
 
 6
 In Montano's case, the prosecutor noted during opening statements that the murder victim was carrying $2,000 on the night he was killed. In addition, the prosecution introduced evidence at trial that Montano robbed the murder victim, and Montano called several police officers to the stand in an attempt to rebut this evidence. Thus, Montano was well aware of the felony-murder theory before the prosecutor requested jury instructions and had attempted to meet the theory with witnesses of his own. It is not surprising that Montano's only objection to the felony-murder instructions was that the instructions were not supported by the evidence. He never objected on the basis of inadequate notice.
 
 
 7
 Montano was not "ambushed" by the prosecutor's request for felony-murder instructions. He received notice of the felony-murder theory from the prosecutor's opening statement and from evidence introduced in the course of his trial. Under Morrison, such notice satisfies the Sixth Amendment. The district court correctly denied Montano's petition for writ of habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...." U.S. Const. Amend. VI. This guarantee is applied to the states through the Due Process Clause of the Fourteenth Amendment. In re Oliver, 333 U.S. 257, 273-74, 68 S.Ct. 499, 507-08 (1948)